IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  05-30095 |
| | ) | |
| AMY R. BROWN, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter came before the Court on May 12, 2006, for the sentencing of Defendant Amy R. Brown.  Defendant Brown appeared in person and by her attorney Jon G. Noll.  The Government appeared by Assistant U.S. Attorneys Patrick Hansen and Bradley K. Hart.  On December 15, 2005, Defendant Brown appeared before U.S. Magistrate Judge Byron G. Cudmore and waived indictment and pleaded guilty to two charges of mail fraud, in violation of 18 U.S.C. § 1341, as alleged in Counts 1 and 2 of the Information (d/e 1).  Judge Cudmore made a Report and Recommendation (d/e 5) on that date to this Court to accept the Defendant's pleas of guilty.  The Court accepted Defendant's pleas of guilty

by Text Order entered January 4, 2006. The United States Probation Office prepared a Presentence Investigation Report (PSR), dated March 28, 2006. The Government had no objections to the PSR.

The Defendant objected to paragraph 32 of the PSR, which found that her role in the offense should be adjusted because she violated a position of private trust by practicing as a chiropractic physician without a license. For reasons stated of record, the Court overruled the objection. The Court held that adjustment applies when a defendant breached a position of trust with either the victim of the offense or a person whose trust was abused. United States v. Cruz, 317 F.3d 763, 766 (7th Cir. 2003). In this case, the Defendant abused the trust of her patients who believed she was a licensed chiropractic physician. See U.S.S.G. § 3B1.3, comment n. 1 & 3. This abuse of trust facilitated the commission of the offense. Further, applying the adjustment in this case was not double counting because a breach of a position of trust was not an element of the offenses of conviction, mail fraud. See United States v. Baker, 82 F.3d 273 (8th Cir. 1996).

The Court therefore adopted the findings of the PSR as its own. Accordingly, the Court found that Defendant Brown had an offense level of 12, and was in Criminal History Category I. The resulting Guideline

sentencing range was 10 to 16 months, in Zone C of the Guideline Range. The Court noted that the Guidelines are advisory, and that the Court was required to exercise its discretion to determine Defendant Brown's sentence, considering the Guidelines, the statutory sentencing factors, and all other relevant information.  United States v. Booker, 543 U.S. 220 (2005); 18 U.S.C. § 3553(a).

THEREFORE, after considering the evidence presented, the Guidelines, the relevant statutory sentencing factors, the arguments of counsel, and the statement of Defendant Brown, the Court sentenced Defendant Brown to a term of 3 months imprisonment on each of Counts 1 and 2, to run concurrently; to be followed by 3 years of supervised release on each of Counts 1 and 2, to run concurrently, with the first 3 months of supervised release to be spent in home confinement; the Court also imposed a $200.00 special assessment.  The Court further ordered Defendant Brown to pay restitution in the sum of $53,267.72, to be paid jointly and severally with her husband Thomas Brown, the defendant in Case No. 05-30001. The restitution and special assessment were ordered to be due immediately because the Defendant and Thomas Brown have significant assets to pay these obligations.  The Court noted that the Defendant paid the special

assessment before the sentencing hearing, and further noted that Thomas Brown has made payments toward the restitution, which payments would be applied to reduce the $53,267.72, restitution obligation.  The Court found that the fact that this Defendant had no prior record, was extremely remorseful and unlikely to offend again, and was the primary caretaker for four children under the age of 10 constituted good cause for a sentence below the Guideline range.  The appeal rights were waived.

IT IS THEREFORE SO ORDERED.

ENTER:   May 15, 2006.

>    FOR THE COURT:

>    s/ Jeanne E. Scott
>    JEANNE E. SCOTT
>    UNITED STATES DISTRICT JUDGE